# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David Soper and | ) | |
| Sandra F. Soper | ) | |
|     Plaintiffs | ) | Case No. 16-cv-4477 |
| vs. | ) | |
| | ) | |
| Ocwen Loan Servicing, LLC and | ) | |
| New Penn Financial, LLC d/b/a | ) | |
| Shellpoint Mortgage Servicing | ) | |
| | ) | |
|     Defendants | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought by the Plaintiffs, David Soper and Sandra F. Soper, hereinafter, ("Soper") against the mortgage companies that service their mortgage on their home and had serviced their mortgage, being Ocwen Loan Servicing, LLC, hereinafter ("Ocwen") and New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, hereinafter, ("Shellpoint").

2. In addition to its breach of contract, Defendants have engaged in abusive, deceptive and unfair debt collection practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.

3. Defendant Ocwen has also failed to make appropriate corrections to the mortgage account despite Plaintiff's dispute of the overcharges and misapplication of payments, in violation of the mortgage servicer provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605.

4. Defendant Shellpoint has also failed to make appropriate corrections to the mortgage account despite Plaintiff's dispute of the overcharges and misapplication of payments, in violation of the mortgage servicer provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605.

## PARTIES

5. Plaintiffs, David Soper and Sandra F. Soper are individuals residing in the Village of New Lenox, County of Will, State of Illinois.

6. Defendant Ocwen is a corporation with its principal place of business in West Palm Beach, Florida. At all times material to this action, Ocwen regularly transacted business in the State of Illinois; is a "debt collector" of the Plaintiffs' "debt" as those terms are defined in the FDCPA, 15 U.S.C. § 1692a; and is a loan "servicer" of the Plaintiffs "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2).

7. Defendant Shellpoint is a corporation with its principal place of business in Plymouth Meeting, Pennsylvania. At all times material to this action, Shellpoint regularly transacted business in the State of Illinois; is a "debt collector" of the Plaintiffs' "debt" as those terms are defined in the FDCPA, 15 U.S.C. § 1692a; and is a loan "servicer" of the Plaintiffs "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2).

8. On or about November 10, 2005 Plaintiffs incurred a financial obligation in the amount of $360,000.00 that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5), namely a note and home

mortgage on the Plaintiffs' residence. The Note signed by the Plaintiffs were secured by a mortgage on their home.

9. The mortgage defined the rights of the parties, including the amount of payments to be made and the obligation to apply payments to principal, interest and escrow.

10. The mortgage was eventually assigned to Ocwen when the loan was in default and while in repayment pursuant to a Chapter 13 Plan of reorganization, in Bankruptcy Case 12-12649.

11. Upon information and belief, the loan was assigned, transferred or otherwise sent to Shellpoint in December of 2015 for servicing and collection.

12. At the time Shellpoint obtained an interest in the Plaintiffs' original Loan, Shellpoint deemed the mortgage account to be in default and serviced the account as a debt in default.

13. Prior to this time, Plaintiffs have attempted to resolve a long-standing dispute with Defendant, Ocwen, over whether payments they had made had been properly credited to their account and various sanction and contempt of court motions brought in the bankruptcy court.

14. On or about January 8, 2016 the matter was settled without further litigation, pursuant to a settlement agreement attached as *Exhibit A* and under the following terms:

> a. Payment of Settlement Funds: Ocwen agrees to pay $30,000.00 by check to Borrower or Borrower's Counsel within thirty (30) days of (a) the Effective Date or (b) the date upon which the Borrower delivers to Ocwen a W-9 form, whichever, is later.
> b. Escrow Account: Ocwen shall redeposit $17,580.77 back into Borrower's escrow account, restoring it to the pre-adjustment level. Ocwen shall also include the regular monthly escrow payments that were made by Borrowers between June 2015 and the present. Further, Ocwen shall adjust the escrow in such a way as to ensure that Borrower's regular payment will contain sufficient funds to cover all taxes and insurance for 2015 (payable in 2016) and provide proof of such to Borrowers prior to the effective date of this Agreement.
> c. Loan Status: Ocwen confirms that as of June 30, 2015 Borrower was made current per the June 12, 2015 court order. Ocwen further acknowledges that

>as of October 31, 2015 Borrower is current in their regularly monthly payments to Ocwen and Ocwen shall provide proof of such to Borrowers prior to the effective date of this Agreement.

15. Soper has made his monthly mortgage payments for the months of October 2015, November 2015, December 2015, and January 2016. *See Exhibit B.*

16. On or about December 15, 2015, Defendant, Ocwen, sent Plaintiffs a letter informing them that the servicing of their loan had been transferred to Shellpoint. The letter stated that all payments made after January 4, 2016 should be made directly to Shellpoint. *See Exhibit C.*

17. Despite the Plaintiffs' timely payments each month and their full compliance with the terms of the Note and Mortgage, upon information and belief, Defendant, Ocwen, reported the loan as delinquent when it was transferred to Shellpoint.

18. On or about January 12, 2016, Shellpoint sent to Plaintiffs a statement alleging the Plaintiffs were contractually due for the November 1, 2015 payment. This statement was an attempt to collect a debt, was false and misleading. *See Exhibit D.*

19. On or about January 13, 2016, Shellpoint sent to Plaintiffs a statement alleging a past due balance of $8,548.80. This statement was an attempt to collect a debt, was false and misleading. *See Exhibit E.*

20. On or about January 18, 2016, Shellpoint sent to Plaintiffs a statement alleging a past due balance of $11,398.40. This statement was an attempt to collect a debt, was false and misleading. *See Exhibit F.*

21. On or about January 26, 2016, Plaintiffs, through their Attorney, sent counsel for Ocwen, notice of the error and requested that it be corrected. *See Exhibit G.*

22. On or about February 15, 2016, Defendant, Shellpoint, sent Plaintiffs a notice that their loan was more than 30 days past due. This statement was an attempt to collect a debt, was false and misleading. *See Exhibit H.*

23. The Plaintiffs sent Defendant, Shellpoint, a letter dated February 19, 2016 seeking information about the Plaintiffs' mortgage account and disputing that their account was in default. The Defendant, Shellpoint, received this notice of error on March 1, 2016. *See Exhibit I.*

24. On or about April 12, 2016, Defendant, Shellpoint, responded "According to our records, as of the date of this letter, the total amount due to bring the loan current is $5,722.12." This statement is false, and inaccurate. *See Exhibit J.*

25. Defendant Ocwen and Shellpoint's refusal to honor the terms of the Note and Mortgage Agreement by not properly applying payments, charging and collecting extraneous fees not agreed to by the parties, and its actions in improperly declaring defaults, have caused the Plaintiffs to suffer severe emotional distress and mental anguish. Defendants Ocwen and Shellpoint's actions have also damaged the Plaintiffs' credit rating and caused them to incur expenses in seeking redress against Defendants' wrongful acts including the delay in refinancing at a more favorable rate.

## COUNT I--BREACH OF CONTRACT

26. The allegations of paragraphs 1-25 above are realleged and incorporated herein by reference.

27. Defendants, Ocwen and Shellpoint breached their contractual obligations to the Plaintiffs in at least the following ways:

    a.    By failing to apply all payments received from the Plaintiffs after November 1, 2015 to the principal and interest accrued after that date on the Plaintiffs' mortgage account according to the terms of the original Loan and Mortgage Agreement;

    b.    By assessing to the Plaintiffs' mortgage account charges and fees not agreed to between the parties;

    c.    By improperly allocating payments received from the Plaintiffs after November 1, 2015 to fees and charges not agreed to between the parties;

    d.    By assessing late payment charges to the Plaintiffs' mortgage account after November 1, 2015 contrary to the terms of the original Loan and Mortgage Agreement; when the Plaintiffs were not actually behind in their payments;

    e.    By declaring the Plaintiffs to be in default of the original Loan and Mortgage Agreement when no such default exists;

## COUNT II--VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

28. The allegations of paragraphs 1-27 above are realleged and incorporated herein by reference.

29. 12 U.S.C. § 2605(e) states in pertinent part that **(1) Notice of receipt of inquiry (A) In general.** If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period. **(B) Qualified written request** For purposes of

this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that— **(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and **(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

30. On January 26, 2016, the Plaintiffs, though their attorney, sent Defendant, Ocwen, a "qualified written request" as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(B), regarding the crediting of payments on their mortgage account. In the qualified written request, the Plaintiffs specified their reasons for belief that the account was not in default and requested that Defendant Ocwen correct the error.

31. On February 19, 2016, the Plaintiffs, though their attorney, sent Defendant Shellpoint a "qualified written request" as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(B), regarding the crediting of payments on their mortgage account. In the qualified written request, the Plaintiffs specified their reasons for belief that the account was not in default and requested that Defendant Shellpoint correct the error. The Plaintiffs also requested that Defendant Shellpoint provide them with information and documentation supporting its claim that the Plaintiffs' account was in default.

32. Defendants Ocwen and Shellpoint violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make appropriate corrections to the Plaintiffs' account in response to the qualified written request, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to the Plaintiffs no later than 60 days after receipt of the Plaintiffs' qualified written request.

33. Defendant Shellpoint violated RESPA, 12 U.S.C. § 2605(e)(2) by refusing to cease its collection efforts after receiving the Plaintiffs' qualified written request.

34. Upon information and belief, Defendants Ocwen and Shellpoint violated RESPA, 12 U.S.C. 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Plaintiff that were related to their qualified written request.

35. Defendants Ocwen and Shellpoint have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

## COUNT III--VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. The allegations of paragraphs 1-35 above are re-alleged and incorporated herein by reference.

37. Defendants Ocwen and Shellpoint violated the FDCPA, 15 U.S.C. § 1692f, by using unfair and unconscionable means to collect the debt owed by the Plaintiffs, including the collecting and attempting to collect of interest and other charges, fees and expenses not authorized by the original Loan and Mortgage Agreement, or otherwise legally chargeable to the Plaintiffs, as more fully set forth above.

38. Defendants Ocwen and Shellpoint violated the FDCPA, 15 U.S.C. § 1692e(2), by misrepresenting the character, amount and legal status of the Plaintiffs' debt.

39. Defendant Ocwen violated the FDCPA, 15 U.S.C. § 1692 (d) and (e)(10) by conducting their collection methods in an effort to harass and abuse Plaintiffs.

40. Defendant Shellpoint violated the FDCPA, 15 U.S.C. §§ 1692e(5)and 1692f(6), by threatening to take legal action on the Plaintiffs' home even though Defendant Shellpoint has no present right to possession of the property under its security agreement, and by threatening to take other action prohibited by law.

41. Defendant Shellpoint violated the FDCPA, 15 U.S.C. § 1692g(a)(1), by failing to accurately and fully state in communications to the Plaintiffs "the amount of the debt."

## COUNT IV

## BREACH OF CONTRACT – SETTLEMENT

42. The allegations of paragraphs 1-41 above are re-alleged and incorporated herein by reference.

43. Defendants, Ocwen breached its contractual obligations to the Plaintiff by failing to report the loan as current.

## JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully request that this Court:

A. Assume jurisdiction over this action;

B. Declare that the Defendants Ocwen and Shellpoint are in breach of the original Loan and Mortgage Agreement; that Ocwen is in breach of the settlement agreement and that Plaintiffs are current and not in default on the terms of the original Loan and Mortgage Agreement;

C. Enjoin the Defendant Shellpoint from collecting or attempting to collect any attorney's fees or other charges incurred after October 2015;

D.  Award actual and compensatory damages, including those for mental anguish, in an amount to be determined at trial;

E.  Award punitive or exemplary damages in an amount to be determined at trial;

F.  Declare that Defendants, Ocwen and Shellpoint, violated RESPA, enjoin Defendant from committing any future violations of the Act, and award the Plaintiffs actual damages and $2,000 in statutory damages pursuant to 12 U.S.C. § 2605(f);

G.  Declare that Defendants, Ocwen and Shellpoint, violated the FDCPA, enjoin Defendant from committing any future violations of the Act, and award the Plaintiffs actual damages and $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k from each Defendant;

H.  Award Plaintiffs reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to 12 U.S.C. § 2605(f) and 15 U.S.C. § 1692k(3); and

I.  Grant such other or further relief as is appropriate.

                                              Plaintiff, by and through its attorneys,
                                              Frankfort Law Group,

                                              /s/ Thomas W. Toolis

Thomas W. Toolis (ARDC No. 6270743)
Frankfort Law Group
10075 W. Lincoln Highway
Frankfort, Illinois 60423
(708) 349-9333
twt@jtlawllc.com